# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SURGICAL INSTITUTE OF PAIN MANAGEMENT, INC.,<br><br>Petitioner,<br><br>v.<br><br>ROBERT F. KENNEDY, JR.,<br><br>Respondent. | Case No. 24-cv-01725-BAS-DTF<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF MANDATE**<br><br>**(ECF No. 8)** |

Presently before the Court is Respondent's Motion to Dismiss the Petition for Writ of Mandate filed by Pacific Surgical Institute of Pain Management, Inc. ("Pacific Surgical"). (ECF No. 8.) Pacific Surgical seeks mandamus relief concerning a dispute over reimbursement under Title XVIII of the Social Security Act, 79 Stat. 291, as amended, 42 U.S.C. § 1395 *et seq.*, commonly known as the Medicare Act. In Case No. 22-cv-01521-BAS-WVG, this Court dismissed Petitioner's prior petition for writ of mandamus seeking to compel the U.S. Department of Health & Human Services ("HHS") to pay claims an administrative law judge ("ALJ") had determined were covered by Medicare, finding the Court lacked subject matter jurisdiction. The Ninth Circuit affirmed.

Petitioner seeks again to compel HHS to pay the amount allegedly due pursuant to the ALJ's decision. (ECF No. 1.) Respondent moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and, alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 8.) Respondent argues that Noridian Healthcare Solutions, LLC ("Noridian"), a Medicare Administrative Contractor ("MAC") responsible for managing regional Medicare policy and reimbursement, has already issued payment in the amount it determined was owed under the ALJ's decision. (ECF No. 11.) As a result, Respondent contends that Pacific Surgical's claim is moot and that any challenge to Noridian's payment calculation effectuating the ALJ's decision must first undergo administrative review. (*Id.*)

Having considered the parties' arguments, the Court **GRANTS** Respondent's Rule 12(b)(1) motion and **DISMISSES** the Complaint without prejudice for lack of subject matter jurisdiction.

I. **BACKGROUND**

Pacific Surgical is a California corporation operating an ambulatory surgical center located in San Diego, California, specializing in the treatment of chronic pain. (ECF No. 1 ¶ 1.) From September 17, 2013, through March 8, 2016, Pacific Surgical provided Medicare-covered services to beneficiaries, including performing a procedure described as the "percutaneous implantation of neurostimulator electrode array; peripheral nerve (excludes sacral nerve) (CPT Code 64555)." (*Id.* ¶ 2 at 1:26–2:3.)

A MAC functioning as a fiscal intermediary for the U.S. Centers for Medicare & Medicaid Services ("CMS"), a federal agency within HHS, initially processed and paid the claims submitted by Pacific Surgical. (*Id.* ¶¶ 2, 3.) However, after conducting a post-payment review of 511 claims, a Zone Program Integrity Contractor ("ZPIC") identified a 100% error rate and determined that Pacific Surgical had received an overpayment totaling $1,595,785.36. (*Id.* ¶ 3.)

Pacific Surgical requested a redetermination, and the MAC that initially paid Petitioner upheld this overpayment determination on the basis that Medicare coverage

criteria were not met. (*Id.* ¶ 4.) Pacific Surgical requested a reconsideration by a Qualified Independent Contractor ("QIC"), which also resulted in an unfavorable decision, leading Medicare to recoup $1,191,249.97 while Pacific Surgical continued a multi-step administrative appeals process. (*Id.* ¶ 5.) Pacific Surgical appealed the QIC's decision, and, on March 8, 2022, the Office of Medicare Hearings and Appeals ("OMHA") conducted a hearing before an ALJ. (*Id.* ¶ 6.)

On August 5, 2022, ALJ Scott A. Tews issued a partially favorable decision based on a *de novo* review of the record, concluding that some of the disputed claims were covered by Medicare. (*Id.* ¶ 8; Ex. A.) Consequently, Pacific Surgical claimed that it was entitled to recover $3,657,180.01 in Medicare underpayments. (*Id.* ¶ 8.)

Prior to the present action, Pacific Surgical filed a petition for a writ of mandamus in this Court on October 6, 2022, seeking to compel Respondent to pay $3,657,180.01. *Pacific Surgical Inst. of Pain Mgmt., Inc. v. Becerra*, 22-cv-01521-BAS-WVG, 2023 WL 6130810 (S.D. Cal. Sept. 19, 2023) ("*Pacific Surgical I*"). (ECF No. 8 at 7:11–24.) The Court dismissed the case without prejudice, concluding that it lacked jurisdiction under both the Medicare and federal mandamus statutes. *Pacific Surgical I*, 2023 WL 6130810, at *6. Pacific Surgical appealed that dismissal to the Ninth Circuit, which affirmed the decision. *Pacific Surgical Inst. of Pain Mgmt., Inc. v. Becerra*, No. 23-55798, 2024 WL 2862121, at *2 (9th Cir. June 6, 2024).

In the instant petition, Petitioner once more seeks a writ of mandamus under 28 U.S.C. § 1361, compelling Respondent to pay $3,657,180.01 following the ALJ's decision. (ECF No. 1 at ¶ 24.) Respondent moved to dismiss, asserting both lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 8.) Respondent argues that the ALJ's decision did not establish a specific amount owed, precluding mandamus relief, and further contends that collateral estoppel bars relitigation of this issue following the Ninth Circuit's ruling in *Pacific Surgical I*. (*Id.* at 1:22–2:2.)

In response, Petitioner argues that the precise amount owed by Medicare can be calculated with "mathematical precision," and now totals $4,675,405.99. (ECF No. 10 at

2:6–11; Smith Decl. ¶ 4.) In reply, Respondent introduced the Declaration of Shannon Oehlke to assert that, on September 11, 2024, Noridian effectuated the ALJ's decision by issuing a $753,234.92 payment to Pacific Surgical, thereby creating a new initial determination under 42 C.F.R. § 405.1046(a)(3) that requires Pacific Surgical to first exhaust its administrative remedies. (ECF No. 11 at 1:11–20, 3:27–4:4; Oehlke Decl. ¶¶ 4–6.) Pacific Surgical objected and requested the Court permit an opportunity to respond or, alternatively, strike the Oehlke Declaration, arguing that it constitutes new evidence improperly submitted in a reply brief. (ECF No. 13.) Respondent argues that the declaration was offered to rebut Pacific Surgical's arguments regarding the amount Respondent allegedly owed. (ECF No. 14.)

The Court granted Petitioner leave to file a surreply in response to the Oehlke Declaration. (ECF No. 15.) In its Surreply, Petitioner argued that it "did receive some funds… but *none* of those funds were for the services that were the subject of the ALJ decision." (ECF No. 16 at 3:19–21.)

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* Once a party challenges the court's subject matter jurisdiction, "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Moreover, "[a] Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving a factual challenge, the court "may review evidence

beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* at 1039.

Where, as here, a Rule 12(b)(1) motion is brought alongside a Rule 12(b)(6) motion, it is appropriate for the court to first consider and address the disputed jurisdictional issues under the former before analyzing the merits of a claim under the latter. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) ("The jurisdictional question of standing precedes, and does not require, analysis of the merits." (citation omitted)). If, upon analysis of the Rule 12(b)(1) motion, the court finds it lacks subject matter jurisdiction over the action or a claim pressed therein, it need not address the merits issues raised in the collateral Rule 12(b)(6) motion. *Toyota Landscaping Co., Inc. v. S. Cal. Dist. Council of Laborers*, 11 F.3d 114, 119 (9th Cir. 1993). When a court lacks subject matter jurisdiction, it must dismiss the action, either upon a party's motion or sua sponte. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (citation omitted).

## III.  ANALYSIS

### A.  Factual Attack on Subject Matter Jurisdiction

In its Reply brief, Respondent supports its Motion to Dismiss with the Declaration of Shannon Oehlke, Reimbursement Supervisor at Noridian, which challenges the factual basis of Pacific Surgical's jurisdictional claims. (ECF No. 11 at 1:7–25; Oehlke Decl. ¶¶ 4–6.) Shannon Oehlke asserts that the disputed payment has already been issued:

> I have checked Noridian's records regarding Noridian's effectuation of the ALJ Decision as to Pacific Surgical. Those records indicate that during Noridian's effectuation of the ALJ Decision, Noridian calculated that Pacific Surgical was due $753,234.92 under the ALJ Decision . . . Noridian's records further indicate that the above-referenced $753,234.92 was released to Pacific Surgical, as part of a combined payment of various items that totaled $971,315.20, and which was released via electronic bank transfer to Pacific Surgical on September 11, 2024.

(Oehlke Decl. ¶¶ 4–6.)  Respondent therefore contends that Pacific Surgical cannot establish the requisite elements for mandamus jurisdiction because it lacks a clear and certain right to specific monetary relief under the ALJ's decision and has not exhausted its administrative remedies prior to seeking relief in federal court.  (ECF No. 11 at 1:16–25.)

The Court finds that to the extent Respondent raised new evidence or arguments on reply, neither constituted an improper submission, as they were offered in direct rebuttal to arguments raised in Petitioner's opposition.  *See Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020).  Here, Respondent's reply arguments and supporting declaration address Petitioner's contention regarding the amount allegedly owed and whether payment was issued.  Accordingly, the Court considers the facts in both Respondent's reply and Petitioner's surreply, along with Petitioner's petition for mandamus, without converting the motion to dismiss into one for summary judgment.  *See Safe Air*, 373 F.3d at 1039.

**B.     Mandamus Jurisdiction**

Petitioner contends that this Court has mandamus jurisdiction pursuant to 28 U.S.C. § 1361.  (ECF No. 1 ¶ 15.)  Petitioner argues that it is "asking for a Writ of Mandamus under the Mandamus Act and therefore this action does not seek to rest jurisdiction in either the Medicare Act or federal question jurisdiction."  (*Id.* ¶ 20.)

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus is an extraordinary remedy . . . [and] is appropriately issued only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (quoting *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)).  Accordingly, "[t]he common-law writ of mandamus . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief . . . ." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  As such, petitions for mandamus do not evade the

administrative exhaustion requirements set forth in 42 U.S.C. § 405(g) of the Social Security Act, which applies to the Medicare Act.

Title "42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that § 405(g) . . . is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler*, 466 U.S. at 614–15 (citing *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975)). Therefore, unless parties have exhausted their administrative remedies, jurisdiction under the Mandamus Act is unavailable. *Hironymous v. Bowen*, 800 F.2d 888, 893 (9th Cir. 1986) ("The review procedure under section 405(g) is thus the exclusive avenue for reviewing Hironymous's claim. Because it is exclusive, unless it is exhausted, jurisdiction under the Mandamus Act is unavailable."); *Acedo v. Cnty. of San Diego*, No. 20-55844, 2021 WL 5412401, at *1 (9th Cir. Nov. 19, 2021) ("The district court properly dismissed for lack of subject matter jurisdiction Acedo's mandamus claim because Acedo failed to allege facts sufficient to show that he had exhausted his administrative remedies before filing suit."). Even if these requirements are satisfied, whether to grant mandamus remains within the Court's discretion. *Or. Nat. Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995).

As discussed below, Petitioner lacks a final, appealable decision by the Secretary of HHS, which requires both presentment and administrative exhaustion. Accordingly, because the absence of an adequate alternative remedy is a prerequisite for mandamus relief—and Petitioner has an adequate alternative remedy available through the Medicare administrative appeals process—the Court lacks subject matter jurisdiction under 28 U.S.C. § 1361.

**C.   Jurisdiction Arising Under the Medicare Act**

Pacific Surgical contends that its claims do not arise under the Medicare Act. (*Id.* ¶ 20.) However, Respondent argues Pacific Surgical's demand that HHS pay and process the services at issue is now moot, since Noridian has already effectuated the ALJ's decision by issuing a payment of $753,234.92—the amount Noridian determined was owed under the ALJ's decision. (ECF No. 11 at 2:7–25.) The Court agrees. The issue before the Court

is no longer whether Respondent must pay pursuant to the ALJ's decision, but whether Noridian's payment calculation effectuating that decision is correct.

Moreover, Respondent asserts that whether Noridian's payment calculation properly effectuated the ALJ's decision is a claim that arises under the Medicare Act and is subject to administrative exhaustion requirements: "Under Ninth Circuit authority, Pacific Surgical first must exhaust its administrative remedies as to the effectuation of the ALJ Decision, and the specific amount paid out thereto, prior to seeking relief in district court." (*Id.* at 2:26–3:2.) The Court agrees and finds that Noridian's payment decision constitutes a "new initial determination" under 42 C.F.R. § 405.1046(a)(3). Accordingly, to the extent Pacific Surgical challenges the appropriateness of Noridian's payment calculation, its claim "arises under" the Medicare Act and must therefore satisfy the requirements of 42 U.S.C. § 405(g) to obtain judicial review.

The Supreme Court has interpreted the term "arising under" in this context "quite broadly." *Heckler*, 466 U.S. at 614–15. "A claim 'arises under' the Medicare Act if the Act provides 'both the standing and the substantive basis' for the claim, or if the claim is 'inextricably intertwined with a claim for benefits.'" *Ramtin Massoudi MD Inc. v. Azar*, No. 2:18–cv–1087–CAS(JPRx), 2018 WL 1940398, at *5 (C.D. Cal. Apr. 23, 2018) (quoting *Heckler*, 466 U.S. at 614–15). "A claim is 'inextricably intertwined' if it does not involve issues separate from the party's claim that it is entitled to benefits and/or if those claims are not completely separate from its substantive claim to benefits." *Pinnacle Peak Neurology LLC v. Noridian Healthcare Sols. LLC*, No. CV-16-03614-PHX-DJH, 2018 WL 10357126, at *4 (D. Ariz. Mar. 13, 2018) (quoting *Nicohole Med. Equip. & Supply, Inc. v. TriCenturion, Inc.*, 694 F.3d 340, 348 (3d Cir. 2012)). Here, a determination of whether Noridian's calculated payment amount correctly effectuated the ALJ's decision is inextricably intertwined with Pacific Surgical's substantive claim to benefits. *See Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1114 (9th Cir. 2003) (finding that claims dealing with the "appropriateness of [a defendant's] decisions with respect to the compensation [a

provider] should have received for the services it provided to Medicare beneficiaries" are "inextricably intertwined" with claims for Medicare benefits).

Furthermore, Section 405(g) "permits an individual to file suit in federal court 'after any final decision of the Secretary made after a hearing.'" *Winter v. California Med. Rev., Inc.*, 900 F.2d 1322, 1325 (9th Cir. 1989) (quoting 42 U.S.C. § 405(g)). The "final decision" requirement is "central to the requisite grant of subject-matter jurisdiction." *Weinberger*, 422 U.S. at 764. It consists of two elements: a waivable element "that the administrative remedies prescribed by the Secretary be exhausted" and a nonwaivable element "that a claim for benefits shall have been presented to the Secretary." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). The nonwaivable element, called presentment, is a "crucial prerequisite" that must be considered first. *Id.* at 329–30 ("As the nonwaivable jurisdictional element was satisfied, we next consider the waivable element."). The "nonwaivable . . . requirement [requires] that an individual present a claim to the agency before raising it in court." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 15 (2000).

### 1. Presentment Requirement

Pacific Surgical has not alleged that it has satisfied the nonwaivable presentment requirement regarding Noridian's payment calculation effectuating the ALJ's decision. As Respondent correctly notes, the Ninth Circuit's reasoning in *Pinnacle Peak Neurology, LLC v. Noridian Healthcare Solutions, LLC*, 773 F. App'x 910, 911 (9th Cir. 2019), is directly applicable to the present petition:

> [T]he ALJ decision is not the decision at issue; Noridian's payment calculation effectuating the ALJ decision is. The ALJ decision only made coverage determinations and related coding findings relevant to the calculation of payments. It did not specify any amount of money that Noridian was to pay PPN. After the ALJ issued its decision, Noridian independently calculated the payments due to PPN. "The amount of payment determined by the contractor in effectuating the ALJ's or attorney adjudicator's decision is a *new initial determination*" for such purposes. 42 C.F.R. § 405.1046(a)(3).

(emphasis in original). Accordingly, Noridian's payment calculation effectuating the ALJ's decision constitutes a "new initial determination" under 42 C.F.R. § 405.1046(a)(3), and Pacific Surgical must first present its claim to the agency—thereby satisfying the presentment requirement of 42 U.S.C. § 405(g)—before seeking judicial review.

### 2. Administrative Exhaustion Requirement

Similarly, Pacific Surgical has not alleged that it exhausted the four levels of administrative review as to Noridian's payment calculation as required by 42 U.S.C. § 405(g). Dissatisfied parties may appeal payment determinations through a four-part administrative appeals process that culminates in a final agency decision. *See* 42 U.S.C. § 1395ff; 42 C.F.R. Part 405, Subpart I. The administrative appeals process consists of the following steps:

1. Redetermination by a MAC of the initial determination. *See* 42 U.S.C. § 1395ff(a)(3); 42 C.F.R. § 405.940 *et seq.*;

2. Reconsideration by a QIC. *See* 42 U.S.C. § 1395ff(c); 42 C.F.R. § 405.960 *et seq.*;

3. *De novo* review and hearing before an ALJ. *See* 42 U.S.C. § 1395ff(d)(1); 42 C.F.R. §§ 405.1002, 405.1006, 405.1014; and

4. Review and decision by the Medicare Appeals Council ("Council") of the HHS Departmental Appeals Board. *See* 42 U.S.C. § 1395ff(d); 42 C.F.R. §§ 405.1100, 405.1102(a).

The decision by the Council constitutes the "final decision" of the Secretary and is judicially reviewable. *See* 42 U.S.C. §§ 405(g)–(h), 1395ii; 42 C.F.R. § 405.1136. Only after the Secretary renders a final decision may a party seek review of claims arising under the Medicare Act in federal court. *See* 42 U.S.C. § 1395ff(b)(1)(A); 42 C.F.R. § 405.1136; 42 C.F.R. § 405.1130.

Here, Pacific Surgical does not have a final, appealable decision by the Secretary of HHS concerning Noridian's payment calculation because it has not exhausted the administrative appeals process. Petitioner initially asserted: "The ALJ issued a decision

which has not been appealed to the Medicare Appeals Council and is a final determination reviewable and enforceable by this Court. There are no further administrative remedies beyond the final determination made by the ALJ." (ECF No. 1 ¶ 7.) Petitioner also attempted to distinguish the instant case from its prior action, *Pacific Surgical I*, arguing that "[t]he instant Petition is entirely different . . . because it seeks enforcement of a final determination after exhaustion of administrative remedies under the Mandamus Act." (*Id.* ¶ 12.) Lastly, Petitioner asserted that "[a] favorable determination was made in favor of Petitioner through the administrative process before Medicare and its OMHA. That determination is final and not appealable." (*Id.* ¶ 18.) However, these assertions reflect a misunderstanding of the applicable regulatory framework.

Furthermore, Petitioner's response to the Oehlke Declaration in its Surreply does not alter this conclusion. As previously discussed, once a MAC effectuates an ALJ decision and determines the payment amount, that determination constitutes a "new initial determination," thereby initiating a fresh administrative appeals process. *See* 42 C.F.R. § 405.1046(a)(3). In its Surreply, Petitioner affirmatively acknowledges receipt of Noridian's payment: "Ms. Oehlke states in [her] declaration that [Pacific Surgical] was paid $753,234.92 for services that totaled $971,315.20. This is correct. . . ." (Smith Decl. ¶ 4.) However, Petitioner takes issue with the calculation of Noridian's payment: "none of those claims were those ordered [to be] paid by Medicare's ALJ . . . ." (*Id.*) In other words, Pacific Surgical does not dispute that it received payment; rather, it contends that Noridian paid the wrong claims. Notably, the Surreply does not go so far as to challenge Noridian's payment as unrelated to its efforts to effectuate the ALJ's decision.

Thus, Petitioner disputes the appropriateness of Noridian's payment calculation—specifically, whether it covered the correct claims subject to the ALJ's decision. Because such a dispute concerns "the amount of payment determined by the contractor in effectuating the ALJ's . . . decision," it constitutes a new initial determination under 42 C.F.R. § 405.1046(a)(3). Moreover, because Pacific Surgical has not alleged exhaustion of the administrative appeals process related to this new initial determination, it must do

so before seeking judicial review.[1] Furthermore, the ALJ's coverage decision, while favorable to Petitioner, is not a final, appealable decision by the Secretary of HHS as required by 42 U.S.C. § 405(g).

Accordingly, this Court lacks subject matter jurisdiction under the Medicare Act because Pacific Surgical has not obtained a final decision, which requires both presentment and administrative exhaustion, and is therefore barred from seeking judicial review.

## IV. CONCLUSION AND ORDER

Pacific Surgical's petition is, at its core, a request for Medicare benefits. Now that Noridian has issued payment effectuating the ALJ's decision, Pacific Surgical's request for the Court to compel payment is moot. The sole remaining issue is whether Noridian's payment calculation appropriately effectuated the ALJ's decision. Resolution of that issue would require the Court to evaluate the correctness of Noridian's payment calculation—whether it covered the right claims pursuant to the ALJ's decision—a determination that constitutes a "new initial determination" under Medicare regulations. *See* 42 C.F.R. § 405.1046(a)(3). As such, Pacific Surgical must first seek a final, appealable decision by the Secretary of HHS by properly presenting and administratively exhausting its claim before seeking judicial review.

Because Pacific Surgical has neither presented its claim nor exhausted its administrative remedies, the Court lacks subject matter jurisdiction under the Medicare Act. Additionally, Pacific Surgical has not demonstrated that it lacks an adequate remedy to satisfy the requirement for mandamus relief under 28 U.S.C. § 1361.

Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 8) and **DISMISSES** the Complaint

---

[1] Pacific Surgical does not ask the Court to waive the full exhaustion requirement. The Court finds, however, that nothing in the Petition indicates that Pacific Surgical meets the requirements for waiver of the exhaustion requirement. *See Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (noting three prerequisites for the waiver of the exhaustion requirement: collaterality, irreparability, and futility).

**WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[2] If Pacific Surgical believes it can cure the jurisdictional deficiencies identified herein, it must file a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) no later than **May 7, 2025**. If no such motion is filed by that date, the Clerk of Court is directed to enter judgment and close the case.

    **IT IS SO ORDERED.**

**DATED: April 23, 2025**

_[signature]_
**Hon. Cynthia Bashant, Chief Judge
United States District Court**

---

[2] Because the Court concludes that dismissal is appropriate under Rule 12(b)(1), it need not reach Respondent's alternative argument that the Petition fails to state a claim upon which relief may be granted under Rule 12(b)(6).