UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SURGICAL INSTITUTE OF PAIN MANAGEMENT, INC.,<br><br>                      Petitioner,<br><br>  v.<br><br>ROBERT F. KENNEDY, JR.,<br><br>                      Respondent. | Case No. 24-cv-01725-BAS-DTF<br><br>**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE FIRST AMENDED VERIFIED PETITION (ECF No. 18)** |

Presently before the Court is Petitioner's Motion for Leave to File First Amended Verified Petition (ECF No. 18). For the reasons set forth below, the Court **DENIES** Petitioner's Motion to File Amended Petition. The Court hereby **DIRECTS** the Clerk of the Court to close the case.

**I.   BACKGROUND**

Pacific Surgical Institute of Pain Management, Inc., ("Petitioner") is a California corporation operating an ambulatory surgical center located in San Diego, California, specializing in the treatment of chronic pain. (ECF No. 1 ¶ 1.) From September 17, 2013, through March 8, 2016, Pacific Surgical provided Medicare-covered services to beneficiaries. Pacific Surgical was initially granted Medicare reimbursements it submitted to a Medicare Administrator Contractor ("MAC"), which initially processed Petitioner's requests and submitted to the U.S. Centers for Medicare & Medicaid Services ("CMS"), a

federal agency within the U.S. Department of Health and Human Services ("HHS"). (*Id.* ¶¶ 2, 3.) However, a federal agency contractor, a Qualified Independent Contractor ("QIC"), identified a 100% error rate in 511 claims and determined that Pacific Surgical had received an overpayment. (*Id.* ¶ 3.) Pacific Surgical requested reconsideration by a MAC and, subsequently, by a QIC—both of which resulted in unfavorable decisions. Pacific Surgical then appealed the QIC's decision to the Office of Medicare Hearings and Appeals ("OMHA"), which conducted a hearing before an administrative law judge ("ALJ"). (*Id.* ¶ 6.) On August 5, 2022, ALJ Scott A. Tews issued a partially favorable decision based on a de novo review of the record, concluding that some of the disputed claims were covered by Medicare. (*Id.* ¶ 8; Ex. A.)

On September 6, 2024, Petitioner initiated the present action by filing a writ of mandamus under 28 U.S.C. § 1361, compelling Respondent Secretary of the HHS (then, Xavier Becerra, but now, Robert F. Kennedy, Jr.) to pay a specified amount of money he allegedly owed Petitioner in Medicare reimbursements following the ALJ's decision. (*Id.* ¶ 24.) On November 26, 2024, Respondent filed his motion to dismiss on grounds that Petitioner failed to plead the Court has jurisdiction. (ECF No. 8.) On April 23, 2025, the Court granted Respondent's motion to dismiss for lack of subject matter jurisdiction, and mandated that Petitioner file a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) "if Pacific Surgical believe[d] it can cure the jurisdictional deficiencies herein." (ECF No. 17 at 13.) Petitioner then filed its Motion to File Amended Petition, seeking leave under Rule 15(a)(2) (ECF No. 18), and its Amended Petition (ECF No. 18-2, Ex. A). Petitioner, once again, argued the Court has subject matter jurisdiction pursuant to the Mandamus Act (ECF No. 18-2, Ex. A ¶ 6) and raised a new claim against Respondent under 42 U.S.C. § 1395ddd(f)(2)(B), a provision of the Medicare Act (*See* ECF No. 18-2, Ex. A ¶ 7). Respondent opposed on grounds, *inter alia*, that Petitioner's Amended Petition still fails to demonstrate that the Court has subject matter jurisdiction over the dispute. (ECF No. 21 at 7.) Petitioner then filed a reply. (ECF No. 22.)

**II.    DISCUSSION**

### A. Lack of Subject Matter Jurisdiction

The Court previously held that it did not have subject matter jurisdiction under the Mandamus Act to decide Petitioner's claims because Petitioner has not presented the relevant ALJ's decision to the Medicare Appeals Council of HHS Departmental Appeals Board for review prior to seeking federal judicial review. (ECF No. 17 at 7:19–21, 10–13.) For the reasons below, the Court finds that Petitioner's proposed amendments do not correct the jurisdictional deficiency regarding subject matter jurisdiction.

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus is an extraordinary remedy . . . [and] is appropriately issued only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). Accordingly, "[t]he common-law writ of mandamus . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief . . . ." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). As such, petitions for mandamus do not evade the administrative exhaustion requirements set forth in 42 U.S.C. § 405(g) of the Social Security Act, which applies to the Medicare Act.

#### 1. Arising Under the Medicare Act

Title "42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that § 405(g) . . . is the sole avenue for judicial review for ***all 'claim[s] arising under' the Medicare Act***." *Heckler*, 466 U.S. at 614–15 (emphasis added). The Supreme Court has interpreted the term "arising under" in this context "quite broadly." *Id*. "A claim 'arises under' the Medicare Act if the Act provides 'both the standing and the substantive basis' for the claim, or if the claim is 'inextricably intertwined with a claim for benefits.'" *Ramtin Massoudi MD Inc. v. Azar*, No. 2:18-cv-1087-CAS(JPRx), 2018 WL 1940398, at *5 (C.D. Cal. Apr. 23, 2018) (quoting *Heckler*, 466 U.S. at 614–15).

The Court finds that Petitioner's claims arise under the Medicare Act. Here, Petitioner's claim in the Amended Petition is brought under a statutory provision of the Medicare Act: 42 U.S.C. § 1395ddd(f)(2)(B).[1] (*See* ECF No. 18-2, Ex. A ¶ 7.) Through § 1395ddd(f)(2)(B), Petitioner alleges that it is entitled to $1,664,136.35 in Medicare reimbursements that the Secretary of Health and Human Services allegedly recouped from Petitioner prior to the ALJ Order reversing the agency's prior adverse determination. (ECF No. 18-2, Ex. A ¶ 9.) Thus, the Medicare Act provides "both the standing and the substantive basis for Petitioner's claims in the amended petition." *See Heckler*, 466 U.S. at 614–15. Without needing to reach the issue of whether the claim is inextricably intertwined with a claim for benefits under the Medicare Act, this alone is sufficient to justify the Court's finding that Plaintiff's claim arises under the Medicare Act.

## 2. Presentment and Administrative Exhaustion

Given that Petitioner's claim arises under the Medicare Act, the next step is to consider whether Petitioner's claims satisfy other requirements in 42 U.S.C. § 405(g). Section 405(g) "permits an individual to file suit in federal court 'after any final decision of the Secretary made after a hearing.'" *Winter v. California Med. Rev., Inc.*, 900 F.2d 1322, 1325 (9th Cir. 1989). This "final decision" condition consists of two elements: a non-waivable requirement that "a claim for benefits shall have been presented to the Secretary," and a waivable requirement "that the administrative remedies prescribed by the Secretary be exhausted." *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)); *see also Bowen v. City of New York*, 476 U.S. 467, 482–83 (1986). The nonwaivable element, called presentment, is a "crucial prerequisite" that must be considered first. *Eldridge*, 424 U.S. at 329–30 ("As the nonwaivable jurisdictional element was satisfied,

---

[1] 42 U.S.C. § 1395ddd(f)(2)(B) states:
> Insofar as the determination on such appeal is against the provider of services or supplier, interest on the overpayment shall accrue on and after the date of the original notice of overpayment. Insofar as such determination against the provider of services or supplier is later reversed, the Secretary shall provide for repayment of the amount recouped plus interest at the same rate as would apply under the previous sentence for the period in which the amount was recouped.

we next consider the waivable element."). The "nonwaivable . . . requirement [requires] that an individual present a claim to the agency before raising it in court." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 15 (2000).

### i. Presentment

As this Court previously held, where an ALJ decision has not specified an amount of money owed to petitioner, determining the amount owed to the petitioner when effectuating the ALJ's decision requires a "new initial determination" under 42 C.F.R. § 405.1046(a)(3). (ECF No. 17 at 9.) In other words, to satisfy the presentment requirement of 42 U.S.C. § 405(g), Petitioner must first request the U.S. Department of Health and Human Services to determine the exact amount of Medicare reimbursements it is entitled to under the ALJ decision before seeking judicial review. *Pac. Surgical Inst. of Pain Mgmt., Inc. v. Kennedy*, 779 F. Supp. 3d 1148, 1158 (S.D. Cal. 2025). The Court agrees with Respondent that Petitioner has failed to seek an "an initial determination as to what portion of the recouped funds was to be released under the ALJ Decision's coverage determinations" from the U.S. Department of Health and Human Services; and so, Petitioner's amended claims still do not meet the requirement of presentment in 42 U.S.C. § 405(g). (ECF No. 21 at 3.)

### ii. Administrative Exhaustion

Pacific Surgical has not alleged that it exhausted the four levels of administrative review as to the MAC's payment calculation as required by 42 U.S.C. § 405(g).[2] To have exhausted administrative remedies, dissatisfied parties need to have appealed payment determinations through a four-part administrative appeals process that culminates in a final agency decision. *See* 42 U.S.C. § 1395ff; 42 C.F.R. Part 405, Subpart I. The administrative appeals process consists of the following steps:

---

[2] Petitioner has also failed to allege any bases for having the administrative exhaustion requirement judicially waived including whether the claim is: (1) "collateral to a substantive claim of entitlement (collaterality)"; (2) "colorable in its showing that denial of relief will cause irreparable harm (irreparability)"; and (3) "one whose resolution would not serve the purposes of exhaustion (futility)." *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1115 (9th Cir. 2003).

1. Redetermination by a MAC of the initial determination. *See* 42 U.S.C. § 1395ff(a)(3); 42 C.F.R. § 405.940 *et seq.*;
2. Reconsideration by a QIC. *See* 42 U.S.C. § 1395ff(c); 42 C.F.R. § 405.960 *et seq.*;
3. De novo review and hearing before an ALJ. *See* 42 U.S.C. § 1395ff(d)(1); 42 C.F.R. §§ 405.1002, 405.1006, 405.1014; and
4. Review and decision by the Medicare Appeals Council ("Council") of the HHS Departmental Appeals Board. *See* 42 U.S.C. § 1395ff(d); 42 C.F.R. §§ 405.1100, 405.1102(a).

The decision by the Council constitutes the "final decision" of the Secretary and is judicially reviewable. *See* 42 U.S.C. §§ 405(g)–(h), 1395ii; 42 C.F.R. § 405.1136. Only after the Secretary renders a final decision may a party seek review of claims arising under the Medicare Act in federal court. *See* 42 U.S.C. § 1395ff(b)(1)(A); 42 C.F.R. § 405.1136; 42 C.F.R. § 405.1130.

Conspicuously missing from any of Petitioner's papers is any allegation that it attempted to request the Council to determine the amount owed to Petitioner pursuant to the ALJ decision—including whether the ALJ decision enables Petitioner to recover the $1,664,136.35 that Petitioner is allegedly owed under § 1395ddd(f)(2)(B). Petitioner instead seeks the Court's permission to sidestep the Council's review altogether, asserting that claims under 42 U.S.C. § 1395ddd(f)(2)(B) are "not a part of Medicare's administrative appeals process." (ECF No. 18-1 at 5.) Petitioner alleges in its Amended Petition that, "there is no alternative remedy for [Petitioner] other than this Petition and no administrative remedy exists to require the Secretary to comply with the law." (ECF No. 18-2, Ex. A ¶ 13.) Thus, "the ALJ's decision is enforceable by the Court." (ECF No. 18-2, Ex. A ¶ 6.)

Again, because the Court finds that Petitioner's claims in its Amended Petition still arise under the Medicare Act, Petitioner was required to first seek a final, appealable decision by the Secretary of HHS by properly presenting and administratively exhausting its claim before seeking judicial review. Because Petitioner did not seek final review by

the Secretary of the HHS, Petitioner does not fulfill the requirements for the Court to assume subject matter jurisdiction pursuant to 42 U.S.C. § 405(g).

### B. Lack of Grounds to Amend Pleadings under Rule 15(a)

Federal Rule of Civil Procedure 15(a) permits parties to amend their pleadings with the opposing party's written consent or the court's leave. Rule 15(a)(2) states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." When the opposing party has not given its written consent for leave to amend, as is the case here, the Ninth Circuit considers five factors in determining whether leave to amend should be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether [the] plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

#### 1. Futility

The Court finds that the amendments in Plaintiff's Amended Petition are futile, providing grounds for the Court to **DENY** Plaintiff's Motion to File Amended Petition. "While the Court is to 'freely give leave [to amend] when justice so requires' under Rule 15(a)(2), it need not do so if a jurisdictional infirmity is incurable such that any amendment to the complaint 'would be futile.'" *Akkerman v. United States*, 731 F. Supp. 3d 1165 (C.D. Cal. 2024) (citing *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016)). "Amendment is futile if the proposed amended complaint does not establish a court's subject matter jurisdiction over the action." *Dela Cruz v. Washington Mut. Bank, FA,* No. C-13-04136-RMW, 2014 WL 309134, at *3 (N.D. Cal. Jan. 27, 2014).

In this case, the Court previously dismissed Petitioner's earlier motion because it failed to demonstrate that the Court had subject matter jurisdiction, including under the Mandamus Act, to decide the case. (ECF No. 17.) The issue of whether Petitioner's amendments are futile depends on whether the claims alleged therein now bring the case within the Court's jurisdiction.

For the reasons above, the Court finds Petitioner's amendments still do not prove that the Court has subject matter jurisdiction to decide Petitioner's claims. Thus, Court finds that Petitioner's amendments are futile and fail to establish that the Court has subject matter jurisdiction over the action. *See Dela Cruz*, 2014 WL 309134, at *3.

### 2. Remaining Factors

"Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Here, the Court need not consider the remaining factors to determine the propriety of leave to amend, because Plaintiff's amendments in its proposed Amended Petition (ECF No. 18-2, Ex. A), are futile and subject to dismissal as lacking subject matter jurisdiction under the Mandamus Act.

## III. CONCLUSION

Finding that the Court still lacks subject matter jurisdiction to decide this action and that Petitioner's proposed amendments are futile under Rule 15(a) based on failure to correct jurisdictional infirmities, the Court **DENIES** Petitioner's Motion to File Amended Petition. (ECF No. 18.) The Court hereby **DIRECTS** the Clerk of the Court to enter a judgment dismissing this action without prejudice for lack of subject matter jurisdiction and close the case.

**IT IS SO ORDERED.**

DATED: October 9, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court